UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| THOMAS MCPEEK, | Case No. 3:25-cv-00307-MMD-CSD |
| Plaintiff, | ORDER |
| v. |  |
| CAESARS ENTERTAINMENT, INC., *et al.*, |  |
| Defendants. |  |

## I.      SUMMARY

Plaintiff Thomas McPeek raises federal and state law claims alleging that Caesars Entertainment, Inc. ("Caesars"), Harrah's Council Bluffs Hotel & Casino ("Harrah's Casino"), and Horseshoe Hammond, LLC violated his rights through the voiding of his sports betting wagers. (ECF No. 1-1 ("Complaint").) Before the Court are Defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) (ECF No. 14 ("Motion"))[1] and under Nevada's anti-SLAPP statute, NRS 42.635 *et seq.* (ECF No. 21 ("Anti-SLAPP Motion")).[2] Due to improper venue and as further explained below, the Court grants the Motion, dismisses the Complaint without prejudice, and denies the Anti-SLAPP Motion as moot.

## II.      BACKGROUND[3]

Plaintiff is a resident of Illinois and frequent sports bettor. (ECF No. 1-1 at 3.) Plaintiff visited the Horsehoe Hammond Casino in Indiana four times between August 30

---

[1]Plaintiff responded (ECF No. 18) and Defendants replied (ECF No. 20).

[2]Plaintiff responded (ECF No. 26) and Defendants replied (ECF No. 28).

[3]The Court adopts the facts from the Complaint. It is clear from the pleadings that the parties dispute many facts. (ECF Nos. 14, 18, 20.) But at this motion to dismiss stage,

and September 8, 2024. (*Id.* at 4). The Horseshoe Hammond Casino is operated and managed by Caesars. (*Id.* at 2.) During these visits, Plaintiff placed numerous wagers, including wagers on the same events, at self-service kiosks and the in-person sportsbook counter. (Id. at 4.) These wagers were accepted without issue. (*Id.*) Shortly after Plaintiff's final betting session in Indiana, Caesars issued Plaintiff a trespass notice. (*Id.* at 9.) Two days later, after the games Plaintiff bet on had ended, Caesars contacted the Indiana Gaming Commission ("IGC") to request that 518 of Plaintiff's wagers be voided as "repeat wagers." (*Id.* at 5).

At the end of September 2024, Plaintiff traveled to Iowa and similarly placed various wagers at Harrah's Casino. (*Id.* at 5.) Harrah's Casino is also operated and managed by Caesars. (*Id.* at 2.)  Again, Plaintiff's wagers were accepted without issue. (*Id.*) Plaintiff placed these wagers 36 hours before kick-off of the relevant NFL game on Monday, September 30. (*Id.*) On Tuesday October 1, Caesars contacted the Iowa Racing and Gaming Commission ("IRGC") to request voiding of Plaintiff's wagers. (*Id.*)

In its requests to both the IGC and IRGC ("State Agencies") for approval to void Plaintiff's wagers, Caesars generally alleged Plaintiff violated its "house rules" or "terms and conditions." (*Id.* at 6, 9.) Caesars also cited anti-money laundering concerns, allegedly to "falsely portray[] McPeek as a criminal or wrongdoer." (*Id.* at 8.) The State Agencies granted Caesars' requests and approved the voiding of Plaintiff's wagers. (*Id.* at 10-13.)  Caesars' communications to the State Agencies, including the allegations of money laundering, were then disseminated in the press. (*Id.* at 9.) Plaintiff sued Defendants in the District of Nevada alleging 17 constitutional, state contract, and state tort claims. (*Id.* at 11-31.)

///

///

---

the Court must accept all well-pleaded factual allegations in the Complaint, although legal conclusions are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## III.    DISCUSSION

Defendants argue venue is not proper here.[4] (ECF Nos. 14 at 1, 4, 5-6, 15; 20 at 2, 3, 5.) The Court agrees.

Plaintiff claims venue is proper in the District of Nevada under 28 U.S.C § 1391(b)(2) because a "substantial part of the events giving rise to the claims occurred in Nevada." (ECF No. 1-1 at 2.) In determining proper venue under this prong of the statute, the question is not "which district among two or more potential forums is the 'best' venue . . .. Rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters. v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994). "[H]owever, there must be a close nexus between the forum and the material acts or omissions giving rise to the claim." *Deblanco v. Persolve, LLC*, No. 12-CV-2725-H-DHB, 2013 WL 12108659, at *2 (S.D. Cal. Feb. 27, 2013) (citing *Daniel v. American Board of Emergency Medicine*, 428 F.3d 408, 432 (2d Cir. 2005)).

Plaintiff alleges venue is proper in the District of Nevada because Defendant Caesars "centralized its risk-management, regulatory, and sportsbook operations in Nevada" and that "the voiding of wagers, coordination with state regulators, and dissemination of defamatory publications – were made and ratified by senior management and executives operating from its Nevada headquarters." (ECF No. 1-1 at

---

[4]The Court notes that Defendants seek dismissal or transfer on this ground under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 14 at 1.) While Rule 12(b)(1) authorizes Defendants to argue lack of subject-matter jurisdiction, Defendants do not challenge Plaintiff's assertion of diversity jurisdiction under 18 U.S.C. § 1331 (ECF No. 1-1 at 2.) Defendants instead argue "Exclusive Jurisdiction Lies with the State Gaming Commissions And Their Respective State Courts." (ECF No. 14 at 4.) The cited statutory schemes outline a state court judicial review process of the State Agencies' decisions. (*Id.* at 4-6 (citing Iowa Code section 17A.19(2); Ind. Code Ann. § 4-21.5-5-14).) But beyond the conclusory legal statement that therefore "there is no basis for this court to exercise jurisdiction" over these claims, Defendants do not demonstrate these statutes are a jurisdictional bar to this Court's review. (*Id.* at 6); see *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022) (outlining the presumption that procedural requirements are non-jurisdictional). Therefore, the Court construes Defendants' arguments for dismissal or transfer due to improper venue under Rule 12(b)(3). *See* Fed. R. Civ. P. 12(b)(3).

2-3.) Even accepting these allegations as true,[5] the Court does not find these actions establish that a "substantial part of the events . . . giving rise to the claims" occurred in Nevada. 28 U.S.C. § 1391(b)(2). The Court does not reach the issue here of whether Nevada-based Defendant Caesars should be dismissed from the case. (ECF No. 14 at 9-10.) But when suing multiple defendants, one defendant's residence alone is not sufficient to establish venue under the statute. *See* 28 U.S.C. 1391(b)(1) (authorizing venue in "a judicial district in which any defendants resides, *if all defendants are residents of the State* in which the district is located." (emphasis added)). None of the alleged actions by Caesars have any connection to Nevada, beyond its residence there. Rather these actions Plaintiff decries arise solely out of wagers placed at casinos in Indiana and Iowa and the voiding of these wagers stemming from interactions with Indiana and Iowa state regulators. Moreover, Plaintiff's injuries giving rise to the claims—primarily the voiding of his wagers—did not occur in Nevada. *See Cox v. Gritman Med. Ctr.*, 166 F.4th 1171, 1188 (9th Cir. 2026) (finding "[t]he 'locus of the injury' is sufficient to establish proper venue" as it "establishes that a substantial part of the events giving rise to [p]laintiffs's claims occurred" there (quoting *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1071 (9th Cir. 2001))); *Twitter, Inc. v. Paxton*, No. 21-CV-01644-MMC, 2021 WL 1893140, at *2 (N.D. Cal. May 11, 2021), *aff'd,* 26 F.4th 1119 (9th Cir. 2022), and *aff'd,* 56 F.4th 1170 (9th Cir. 2022) (finding venue proper where the plaintiff both resided and was injured in the relevant district).

Plaintiff argues he is not seeking judicial review of the State Agencies' decisions, and therefore he is not bound to follow statutory guidance to seek judicial review in state court. (ECF No. 18 at 3-4 (citing the Indiana and Iowa Administrative Procedure Acts).) While Plaintiff argues his "claims arise independently of any regulatory ruling and rest on Caesars' own unlawful conduct" (*id.*), all of the claims in the Complaint arise out of wagers placed in Iowa and Indiana and voided with approval from the State Agencies. (ECF No.

---

[5] *See Iqbal*, 556 U.S. at 678-79.

4

1-1 at 3 (describing Plaintiff's in-person wagers placed in Indiana and Iowa), 11 ("Caesars could not unilaterally void wagers after outcomes were known. It required regulatory signoff to formalize its improper seizure, using state machinery to effectuate a private financial reversal."), 13 ("By summarily approving Caesars' post-result void requests, state regulators enabled the company to retain Plaintiff's winnings without lawful justification or independent scrutiny.") This includes Plaintiff's privacy tort claims, which arise out of Caesars' communications with the State Agencies and requests for information regarding Plaintiff's wagers placed in Iowa and Indiana. (ECF No. 1-1 at 26-31.)

Plaintiff argues that "splitting claims across multiple forums–between Indiana, Iowa and Nevada–would defeat the interests of justice." (ECF No. 18 at 5.) But the fact that "a single action… could not [] be[] instituted in any one place" unless the Court finds a substantial part of the actions arise here in Nevada does not render venue proper. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183 (1979).[6] "Although the legal issues raised in the complaint challenging" actions in "three different States [are] similar, and the convenience of [Plaintiff] would obviously be served by consolidating the . . . claims for trial in one district, the general venue statute does not authorize the plaintiff to rely on either of those reasons to justify its choice of forum." *Id.*

In sum, the Court finds venue is not proper in the District of Nevada. The Court does not find it is in the "interests of justice" to transfer the case to another district, as Defendants argue venue is proper in Indiana and Iowa state courts.[7] 28 U.S.C. § 1406(a).

---

[6]At the time the Supreme Court decided *Leroy*, the venue statute allowed for venue in "the judicial district… in which the claim arose."  28 U.S.C. § 1391(b) (1988); *see* 443 U.S. 173. Congress amended the statute in 1990 to find proper venue in any district "in which a substantial part of the events or omissions giving rise to the claim occurred," no longer "require[ing] the District Court to determine the best venue." *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 866-67 (2d Cir. 1992). But this amendment was "at most a marginal expansion of the venue provision" and "*Leroy* and other precedent remain important sources of guidance." *Id.*

[7]Defendants argue venue is proper in Indiana and Iowa state court under local statutes identifying the state courts as the forum for judicial review of the State Agencies decisions and under the forum selection clauses included in their Terms of Service. (ECF

Instead, the Court dismisses the case without prejudice to Plaintiff filing his claims in the proper venue. *See id.*

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 14) is granted. The Court dismisses the Complaint for improper venue under Rule 12(b)(3) without prejudice. *See* Fed. R. Civ. P. 12(b)(3).

It is further ordered that Defendants' motion to dismiss under Nevada's anti-SLAPP statute is denied as moot. (ECF No. 21.)

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 16th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

No. 14 at 6.) Because the Court finds venue is not proper here under 28 U.S.C. § 1391, it does not reach the issue of whether these forum selection clauses are valid and enforceable against Plaintiff. Similarly, the Court does not reach Defendants' argument that any separate contract or tort claims outside the wagering disputes are bound for arbitration according to the same Terms of Service. (*Id.* at 7-9.)